**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRYL GENE SCOGGIN,

     Petitioner-Appellant,

v.

STEVE KAISER,

     Respondent-Appellee.

No. 98-6147

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-1284)**

---

James P. Moran, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender with him on the brief), Denver, Colorado, for Petitioner-Appellant.

Steven E. Lohr, Assistant Attorney General, Criminal Division (W.A. Drew Edmondson, Attorney General of Oklahoma with him on the brief), Oklahoma City, Oklahoma, for Respondent-Appellee.

---

Before **BALDOCK**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

Oklahoma state prosecutors charged Petitioner Darryl Gene Scoggin by information with (1) grand larceny of merchandise from a retailer after two prior felony convictions, in violation of 21 Okla. Stat. §§ 1731 & 51, State v. Scoggin,

No. CF-94-5523 (Okla. County, filed August 24, 1994), and (2) petit larceny of merchandise from a retailer, in violation of 21 Okla. Stat. § 1731, State v. Scoggin, No. CF-94-5524 (Okla. County, filed August 24, 1994). The Information in CR-94-5523 alleged that on August 4, 1994, Petitioner unlawfully took four cartons of cigarettes with a value in excess of $ 50.00 from a retail establishment in Oklahoma City known as "Save-A-Stop." The Information in CR-94-5524 alleged that on June 26th, 1994, Petitioner unlawfully took gasoline with a value less than $50.00 from a retail gasoline station in Oklahoma City. A jury found Petitioner guilty of both offenses. The state district court followed the sentencing recommendation of the jury, and sentenced Petitioner to thirty-five years imprisonment for grand larceny and thirty days imprisonment for petit larceny. The Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and sentences in a summary opinion, over a partial dissent. Scoggin v. State, No. F-95-500 (Okla. Crim. App., filed February 22, 1996).

Petitioner next filed an application for post-conviction relief in the Oklahoma state court. Among other things, Petitioner challenged for the first time the trial court's instructions to the jury purporting to set forth the elements of grand and petit larceny of merchandise from a retailer in Oklahoma. Instead of requiring the taking of merchandise from a retailer, the jury instructions required only the taking of personal property from another, which in Oklahoma constitutes simple larceny. Compare OUJI-CR-5-93 & 94 (2d ed. 1996) (uniform jury instructions for grand and petit larceny), with OUJI-CR-

2

5-103 & 104 (2d ed. 1996) (uniform jury instructions for grand and petit larceny of merchandise from a retailer). This misstatement, Petitioner claimed, violated his Sixth Amendment right to trial by jury. Petitioner further claimed that his failure to raise the issue of the erroneous jury instructions at trial or on direct appeal was due to ineffective assistance of both trial and appellate counsel in violation of his Sixth Amendment right to counsel.

The state district court denied Petitioner's application for post-conviction relief. Scoggin v. State, Nos. CF-94-5523 & 24 (Okla. County, filed June 19, 1997). With the exception of Petitioner's claim of ineffective assistance of appellate counsel, the court held that Petitioner could have raised all of his claims on direct appeal, and thus was procedurally barred from raising them on post-conviction review. As to Petitioner's claim of ineffective assistance of appellate counsel, the court denied the claim on the merits. The Oklahoma Court of Criminal Appeals affirmed. Scoggin v. State, No. PC-97-881 (Okla. Crim. App., filed August 5, 1997). Like the trial court, the court of criminal appeals held that Petitioner's challenge to the jury instructions was procedurally barred. The court of criminal appeals likewise rejected Petitioner's ineffective assistance of appellate counsel claim on the merits.

Thereafter, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court. Petitioner claimed twelve instances of federal constitutional error in his Oklahoma state court prosecution. In a thorough report and

3

recommendation, a magistrate judge recommended that the petition "be denied on the merits and because of procedural default." As to the erroneous jury instructions, the magistrate judge concluded that any error was "constitutionally harmless" because Petitioner did not dispute "that the thefts occurred from retailers and that the stolen cigarettes and gasoline were merchandise." As to Petitioner's claim of ineffective assistance of appellate counsel, the magistrate judge concluded that Petitioner had not (1) shown counsel was deficient, or, (2) assuming the contrary, that Petitioner was prejudiced by any deficient performance. Over Petitioner's objection, the district court adopted the magistrate judge's recommendation, dismissed the petition, and denied Petitioner's application for a certificate of appealability. See 28 U.S.C. § 2253(c).

Petitioner renewed his application for a certificate of appealability in this court. We granted the application and assumed jurisdiction, limited to Petitioner's allegation that Oklahoma charged him with and sentenced him for larceny of merchandise from a retailer, but convicted him only of simple larceny, in violation of the Sixth Amendment. Both parties agree, however, that because Petitioner did not raise the issue of the erroneous jury instructions on direct appeal and the Oklahoma state courts declined to address its merits on state collateral review, federal collateral review of this issue is also barred outside the parameters of Petitioner's ineffective assistance of appellate counsel claim. Accordingly, we now grant the required certificate on the ineffective assistance claim as well. Our jurisdiction arises under 28 U.S.C. § 2253. We affirm.

I.

At the outset, the State of Oklahoma asserts that Petitioner has procedurally defaulted all of his claims, including his claim of ineffective assistance of appellate counsel, and thus we should dismiss the appeal. As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998). Application of the independent and adequate state ground doctrine in the habeas context is based on concerns of comity and federalism. Coleman v. Thompson, 501 U.S. 722, 730 (1991). On prior occasion, we have viewed Oklahoma's state procedural rule barring ineffective assistance of trial counsel claims with skepticism. See Breechen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994) (Oklahoma state procedural bar rule inadequate to bar consideration of ineffective assistance of trial counsel claim on habeas review).[1] Claims of ineffective

_____

[1] Because we ultimately conclude that Petitioner suffered no prejudice from appellate counsel's failure to raise the issue of the erroneous jury instructions, and thus appellate counsel was not constitutionally ineffective, see infra at 7-11, it necessarily follows that Petitioner did not receive ineffective assistance of trial counsel within the meaning of the Sixth Amendment when counsel failed to object to the jury instructions. See Castro v. Coleman, 138 F.3d 810, 832 (10th Cir.), cert. denied, 119 S. Ct. 422 (1998) (where trial counsel was not ineffective for failing to raise certain substantive issues, appellate counsel was not ineffective for failing to raise same issues on appeal). Accordingly, we deem it unnecessary to grant a certificate of appealability on the question of trial counsel's effectiveness or to discuss the application of Oklahoma's procedural bar

(continued...)

assistance of appellate counsel have similarly concerned us because a claim of ineffective appellate counsel in a post-conviction proceeding "'[t]echnically . . . is a first-time claim of ineffectiveness which cannot be procedurally barred.'" English v. Cody, 146 F.3d 1257, 1262 (10th Cir. 1998) (quoting United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995) (en banc)). See also Ross v. Ward, 165 F.3d 793, 798 (10th Cir. 1999) (claim of ineffective assistance of appellate counsel, if proven, constitutes adequate cause for failure to raise substantive issue on direct appeal).

Fortunately, however, we need not concern ourselves in this case with Oklahoma's state procedural bar rule as it applies to claims of ineffective assistance of appellate counsel. Despite Oklahoma's protestations, the Oklahoma Court of Criminal Appeals undeniably reached and rejected the merits of Petitioner's ineffective assistance of appellate counsel claim on state-collateral review.

> In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.

Coleman, 501 U.S. at 735. Accordingly, we may reach the merits of Petitioner's ineffective assistance of appellate counsel claim because the court of criminal appeals rested its decision rejecting the ineffective assistance claim on the criteria set forth in

---

[1](...continued)
rule thereto.

Strickland v. Washington, 466 U.S. 668 (1984). See Coleman, 501 U.S. at 735 (court should assume "there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law."). We therefore turn to the question of whether Petitioner's appellate counsel was constitutionally ineffective for failing to raise the issue of the erroneous jury instructions on direct appeal.

## II.

A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. Castro v. Ward, 138 F.3d 810, 829 (10th Cir.), cert. denied, 119 S. Ct. 422 (1998). We start with the presumption that counsel's conduct was constitutionally effective. Id. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. To prevail on a claim of ineffective assistance of trial or appellate counsel, a habeas petitioner must affirmatively show (1) that counsel's performance was deficient or, in other words, "fell below an objective standard of reasonableness," and (2) that counsel's errors prejudiced petitioner, that is to say "were so serious as to deprive petitioner of a fair trial whose result is unreliable." Id. at 687-88. Because the purpose of the Sixth Amendment's right to counsel clause is to ensure that a criminal defendant receives a fair trial, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the . . . [proceedings] cannot be relied on as having

produced a just result." Id. at 686.

In this case, we assume without deciding that appellate counsel's failure on direct appeal to raise the issue of the erroneous jury instructions concerning the elements of larceny of merchandise from a retailer before the Oklahoma Court of Criminal Appeals "fell below an objective standard of reasonableness." We proceed then directly to the question of whether Petitioner suffered unconstitutional prejudice as a result of any deficient performance. See Strickland, 466 U.S. at 697 (where it is easier to deny an ineffective assistance of counsel claim for lack of prejudice, a court need not determine whether counsel's performance was deficient). Because we conclude no "reasonable probability" exists that the erroneous jury instructions affected the outcome of Petitioner's trial and subsequent appeal, the error does not warrant setting aside Petitioner's convictions. See id. at 694 (to prevail on ineffectiveness claim, petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed).

At Petitioner's Oklahoma state trial, the court instructed the jury on the elements of petit and grand larceny under Oklahoma law, rather than on the elements of the crimes with which Petitioner had been charged, namely petit and grand larceny of merchandise from a retailer. The elements of simple larceny in Oklahoma are (1) a taking, (2) and carrying away, (3) of personal property, (4) of another, (5) of value, (6) by fraud or stealth, (7) with the intent to deprive permanently. See OUJI-CR-5-93 & 94; 21 Okla.

8

Stat. § 1701. To constitute grand larceny rather than petit larceny, the value of the property taken must exceed $50.00. 21 Okla. Stat. § 1704. By comparison, the elements of larceny of merchandise from a retailer in Oklahoma are (1) a taking, (2) and carrying away, (3) of merchandise, (4) from a retailer, (5) of value, (6) by fraud or stealth, (7) with the intent to deprive permanently. See OUJI-CR-5-103 & 104. To constitute grand larceny of merchandise from a retailer, the value of the property taken must be at least $50.00. 21 Okla. Stat. § 1731. Thus, the state court's jury instructions misstated or omitted two elements of the crimes with which Petitioner was charged, namely that Petitioner had taken "merchandise," as opposed to "property," and that the merchandise was taken from a "retailer," as opposed to "another."

After much confusion in the lower federal courts, the Supreme Court informed us recently that a misstatement of an element in jury instructions is subject to harmless error analysis on habeas review. California v. Roy, 519 U.S. 2 (1996). Then, last term, the Court told us that the omission of an element of the offense from the jury instructions is subject to harmless error analysis on direct appeal. Neder v. United States, 119 S. Ct. 1827 (1999). Given the limited and special nature of habeas review, we have no reason to believe the Supreme Court would endorse a more demanding standard for analyzing the omission of an element on habeas review. See Brecht v. Abrahamson, 507 U.S. 619 (1993) (less onerous harmless error standard on habeas promotes considerations underlying habeas review). Thus, whether we label the Oklahoma state court's erroneous

9

instructions as a misstatement or omission of an element, the error is subject to harmless error review.

Applying the harmless error standard in the context of Strickland, Petitioner suffered no discernible prejudice from appellate counsel's failure to raise the issue on appeal. Our review of the state trial court record in this case reveals that Petitioner never disputed the property taken was merchandise from a retail establishment. The only evidence the jury had before it of any taking of property was that of merchandise from a retailer. Thus, in order to find that Petitioner had taken property, the jury necessarily had to find that the property was merchandise of a retailer. See United States v. McDonald, 150 F.3d 1301, 1303-05 (10th Cir. 1998) (instructional error held harmless where the jury's verdict necessarily encompassed all findings necessary to support defendant's conviction). Petitioner's defense turned not on the nature of the property taken, but principally, if not solely, on his claim of misidentification, i.e. that his brother, not he, had committed the crimes. In fact, Petitioner's brother took the stand and testified before the jury that he committed the crimes. The jury was free to accept Petitioner's defense, but obviously did not.

Petitioner has failed to make the required showing under Strickland, 466 U.S. at 668, of a reasonable probability that, but for appellate counsel's error in failing to raise the issue of the erroneous jury instructions, the result of the state court proceedings would have been different. Because Petitioner has not shown that the erroneous jury instructions

10

had any effect on his judgments of conviction, the federal district court properly denied the writ.

AFFIRMED.