**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VINCENT M. LUCERO,

        Petitioner-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF COLORADO;
ARISTEDES W. ZAVARAS,
Executive Director, Colorado
Department of Corrections,

        Respondents-Appellees.

No. 99-1070
(D.C. No. 97-WM-2259)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

Petitioner Vincent M. Lucero appeals from the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. Our jurisdiction over this appeal arises under 28 U.S.C. §§ 2291 and 2253. [1] Because appellant's habeas

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining appellant's brief and the appellate record, this panel has

                                              (continued...)

petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the certificate of appealability provision created by that Act is applicable to his case. *See* 28 U.S.C. § 2253(c)(1)(A). The district court denied appellant a certificate of appealability and denied appellant's request to proceed on appeal in forma pauperis. *See* Rec. Vol. II, doc. 55 at 2; *id.*, doc. 57. We grant appellant leave to proceed in forma pauperis. To obtain a certificate of appealability, appellant must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Respondent has not filed a brief in this appeal.

"In reviewing a denial of a petition for a writ of habeas corpus, we are generally subject to two different modes of analysis. If the claim was not heard on the merits by the state court, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings of fact, if any, for clear error. But when reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1](...continued)
determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Supreme Court' or 'resulted in a decision that was based on an unreasonably determination of the facts in light of the evidence presented in the State court proceeding.'" *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)) (further citations omitted). The state court's factual findings are afforded a rebuttable presumption of correctness. *See* 28 U.S.C. § 2254(e)(1).

Appellant plead guilty and was convicted in Colorado state court on charges of second degree murder and first and second degree assault. He entered an *Alford* plea, maintaining his innocence of the charges. [2] On direct appeal, the state appellate court affirmed and the state supreme court denied review. Appellant also filed a state post-conviction motion alleging ineffective assistance of counsel, which was denied after a hearing. That denial was affirmed on appeal and the supreme court again denied review. Appellant then filed for habeas relief in federal district court, raising issues from both his direct appeal and post-conviction motion, together with other claims. The district court denied his habeas petition because it concluded that many of the issues he raised were procedurally barred, and the remaining issues lacked merit.

---

[2] In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court held that where a defendant pleads guilty while still maintaining his innocence, the plea may still be "the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.* at 31.

On appeal, appellant challenges his sentence as unfair and excessive in light of his *Alford* plea and his self-defense arguments, contends that his sentence is a fundamental miscarriage of justice, and argues that the sentencing court paid more attention to aggravating factors and less attention to his mitigating claims of self-defense. After careful consideration of these arguments, the record on appeal, and the applicable law, we conclude that the district court correctly rejected these arguments. We decline to grant appellant a certificate of appealability on those issues.

Appellant also contends that his trial counsel were ineffective with respect to the advice they gave him about parole eligibility. He alleges that his counsel told him he would be eligible for parole after serving 50% of his sentence, whereas the applicable law requires him to serve 75% of his sentence before he is considered for parole. He asserts that, had he known about the 75% requirement, he would have gone to trial rather than plead guilty. Appellant raised this issue in his state post-conviction motion and the state court held a hearing at which his trial counsel testified. The state trial court concluded that appellant had been properly advised as to parole and that, therefore, he had not demonstrated ineffective assistance of counsel. The district court agreed, but also noted that appellant had failed to establish prejudice, as required by *Strickland v. Washington*, 466 U.S. 668, 693 (1984). Under these circumstances, appellant

must demonstrate that but for his counsel's advice regarding parole eligibility, he would have gone to trial. *See Braun v. Ward*, 190 F.3d 1181, 1188 (10th Cir. 1999) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In light of the various factors involved in appellant's decision whether to stand trial, we cannot conclude that the required prejudice has been shown. Appellant faced a strong case on charges of murder and assault, including facts which weighed against his self-defense arguments and potentially damaging testimony from his co-defendant. He also faced habitual offender charges which he had tried, unsuccessfully, to have removed. These charges could have resulted in a life sentence, a possibility appellant wanted to avoid. *See* Rec. Vol. I, doc. 3, Attachment C at 12, 21, 25-26. Under these circumstances, we conclude that appellant would have plead guilty to the lesser charges had he been properly advised by counsel as to parole eligibility. Therefore, without consideration whether appellant's counsels' performance was deficient, we agree with the district court that appellant's ineffective assistance claim lacks merit. *See Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999) (noting that appellate court may address *Strickland* performance and prejudice prongs in any order, and need not address both if appellant fails to satisfy one prong). Accordingly, we deny appellant a certificate of appealability on this issue as well. *See Scoggin v. Kaiser*, 186 F.3d 1203, 1206 n.1 (10th Cir.) (holding the grant of a certificate of

appealability on ineffective assistance claim unnecessary where no prejudice demonstrated), *cert. denied* , 120 S. Ct. 377 (1999).

Appellant raises several issues challenging procedural rulings of the district court. He contends that the court did not perform an adequate de novo review of his objections; objects to the use of a magistrate judge and asserts that both the magistrate judges and the district court judge should have been disqualified; challenges the district court's ruling striking and disallowing pleadings filed on his behalf by another prisoner; complains that the district court failed to rule on his motions for appointment of counsel or his constitutional challenge to the Prison Litigation Reform Act fee provisions; and contends that he was entitled to an evidentiary hearing before the district court. Our review of the record demonstrates that these issues have no merit.

In light of the above discussion, we conclude that appellant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, we DENY appellant a certificate of appealability and

DISMISS the appeal.  Appellant's motions for appointment of counsel and for disqualification of the district court judge and the magistrate judges are DENIED. The mandate shall issue forthwith.

                                        Entered for the Court


                                        Stephen H. Anderson
                                        Circuit Judge