**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY VERNON,

      Petitioner-Appellant,

v.

JOE R. WILLIAMS, Warden; CENTRAL
NEW MEXICO CORRECTIONAL
FACILITY; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2070

(D.C. No. CIV-97-1051-JC/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **KELLY**, and **HENRY**, Circuit Judges.[**]

    Following a trial in New Mexico state court, a jury convicted Petitioner Jerry

Vernon of first degree murder and kidnapping. On direct appeal to the New Mexico

Supreme Court, see N.M. R. App. P. 12-102(A)(1), the court upheld Petitioner's murder

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined that
oral argument would not materially assist the determination of this appeal. See Fed. R.
App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument.

conviction but reversed his kidnapping conviction. See State v. Vernon, 867 P.2d 407 (N.M. 1993). Petitioner currently is serving a life sentence on his murder conviction.

Petitioner filed two unsuccessful petitions for post-conviction relief in state court before filing his federal petition pursuant to 28 U.S.C. § 2254. In his federal habeas petition, Petitioner argued: (1) he received ineffective assistance of counsel because counsel failed to investigate and preserve issues regarding Petitioner's competency at the time of the offense; (2) he received ineffective assistance of counsel because counsel failed to investigate and cross-examine a key witness concerning an immunity agreement; (3) the trial court violated his due process rights by failing to instruct the jury that unlawfulness was a necessary element of first degree murder; (4) the trial court violated his due process rights by failing to instruct the jury that the state bore the burden of proving beyond a reasonable doubt that Petitioner did not act in self-defense; and (5) the State failed to produce exculpatory evidence. The district court adopted the recommendation of a magistrate judge and denied the petition on the merits. Petitioner urges only his first four arguments on appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.[1]

---

[1] A Petitioner may appeal the denial of a § 2254 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). In this case, the district court initially issued a certificate of appealability (COA) based on a finding that Petitioner made "a substantial showing of the denial of a constitutional right," but did not identify

(continued...)

2

I.

As an initial matter, Respondent claims that the time provisions of 28 U.S.C. § 2244(d) bar Petitioner's petition.[2] Petitioner's state court conviction became final before the AEDPA took effect. He therefore had one year after the AEDPA's effective date, or until April 24, 1997, in which to file his § 2254 petition. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). The time during which Petitioner had pending "'a properly filed application for State post-conviction or other collateral review'" is not counted toward this one year period of limitation. Id. (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner filed his petition for state post-conviction relief on April 4, 1997. The court denied the petition on May 30, 1997. Twenty-seven days later, on June 26, 1997,

---

[1](...continued)
any specific constitutional issue. Section 2253(c)(3) requires a district court to identify the specific issue or issues warranting review. On partial remand from this court, the district court issued a COA on the issue of "the standard a Federal Court must use when assessing a State Court's adjudication of a criminal defendant's assertion of constitutional error." The issue identified by the district court's second COA, however, does not implicate the denial of a constitutional right and is inadequate. Petitioner now moves for a certificate of appealability from this court pursuant to 28 U.S.C.§ 2253(c). While "this court does not hear and decide issues on which a COA has not been granted," Ross v. Ward, 165 F.3d 793, 802 (10th Cir. 1999) (Kelly, J., concurring) (capital case), we will construe Petitioner's motion for COA addressed to this court as a motion for an expanded COA, see id. at 803, and will address the merits of Petitioner's issues, at least where Respondent has had the opportunity to and did in fact brief the issues. Cf. Fed. R. App. P. 22(b)(2) (providing that notice of appeal constitutes request for COA addressed to the judges of courts of appeals).

[2] Section 2244(d)(1) provides in pertinent part, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

3

Petitioner filed a petition for a writ of certiorari with the New Mexico Supreme Court, which the court denied on July 24, 1997. One hundred eleven days had elapsed from the filing of the state court petition to the denial of certiorari. Petitioner filed a petition for writ of habeas corpus in federal district court fifteen days later on August 8, 1997.

Respondent argues that the twenty-seven days between the denial of Petitioner's state petition and the filing of the petition for writ of certiorari in the New Mexico Supreme Court should be counted against Petitioner. Our recent opinion in Barnett v. Lemaster, 167 F.3d 1321 (10th Cir. 1999), forecloses this result. In Barnett, we rejected a construction of the term "pending" to mean "only the time during which an application for post-conviction relief remains unresolved by a state district court." Id. at 1323. Barnett holds that the term "pending" "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." Id.

In Barnett, the limitations period was tolled from the time Barnett filed his state application for habeas relief until the state supreme court denied his timely-filed petition for a writ of certiorari. Although we did not explicitly state that the time between the denial of the state application by the state district court and the filing of the petition for certiorari was also included in the tolling period, we specifically noted that the certiorari petition was timely and cited Martinez v. State, 796 P.2d 250, 251 (N.M. Ct. App. 1990), for the proposition that a petition for writ of certiorari may be filed with the New Mexico

4

Supreme Court within thirty days of the denial of a habeas petition. Barnett, 167 F.3d at 1323. Applying that reasoning here, Petitioner's § 2254 motion in the district court was timely.

II.

Like in the district court, Petitioner argues on appeal that (1) the trial court violated his due process rights by failing to instruct the jury that a necessary element of the murder charge was that the killing was unlawful, (2) the trial court similarly denied him due process by failing to instruct the jury that the State bore the burden of disproving self-defense, (3) he received ineffective assistance of counsel because counsel failed to present a diminished capacity defense, and (4) he similarly received ineffective assistance of counsel because counsel failed to investigate and cross-examine an immunized witness. The facts underlying this case are set forth in full in State v. Vernon, 867 P.2d 407 (N.M. 1993), and we need not repeat them here. Accordingly, we mention only those facts pertinent to our analysis of the issues on appeal.

When reviewing the denial of a habeas corpus petition, we are generally subject to two different frameworks of analysis, depending on whether the state courts addressed the merits of the claim for relief. Smallwood v. Gibson, 191 F.3d 1257, 1264 (10th Cir. 1999). If the state courts have not heard the claim on its merits, we review the federal district court's legal conclusions de novo and its factual findings, if any, for clear error. Id. If the state courts have addressed the claim on its merits, we review the state court

5

ruling under the standard enunciated in 28 U.S.C. § 2254. <u>Id.</u>

Pursuant to 28 U.S.C. § 2254,

[A] federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state court, unless the state proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2). In addition, we presume the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence. <u>See</u> <u>id.</u> § 2254(e)(1).

<u>Smallwood</u>, 191 F.3d at 1264-65.[3]

A.

Petitioner first argues that his due process rights were violated because the jury instructions in his case (1) did not include unlawfulness as an element of first-degree murder and (2) did not instruct the jury that the State had the burden of disproving Petitioner's claim of self-defense. Petitioner did not raise these issue either on direct appeal or in his first state petition for post-conviction relief. Thus, Respondent argues that Petitioner has procedurally defaulted these issues. In denying Petitioner's second application for a writ of habeas corpus, the state district court stated simply: "The Petition

---

[3] We note that the issue of standard of review under AEDPA is currently before the Supreme Court. <u>See</u> <u>Williams v. Taylor</u>, 163 F.3d 860 (4th Cir. 1998), <u>cert. granted</u>, 119 S. Ct. 1355 (1999) (granting certiorari in a case involving interpretation of the AEDPA, which we presume will resolve the "abstract" issue upon which the district court granted the COA in this case). <u>See also</u> <u>Boyd v. Ward</u>, 179 F.3d 904, 912 (10th Cir.), <u>petition for cert. filed</u>, (U.S. Dec. 6, 1999) (No. 99-7369).

is denied as I find the arguments presented by Respondent to be persuasive. . . . Having reviewed Petitioner's reply, I note that I have read the entire transcript in this matter. While I believe there to be no error, any error was harmless beyond a reasonable doubt." Respondent's brief in response to the second petition was devoted largely to convincing the court of Petitioner's three procedural defaults of these issues: at trial, on direct appeal, and in the first state post-conviction proceeding. The brief, however, also addressed the merits of Petitioner's claim.

"Where a state has raised and preserved the issue of procedural default, federal courts generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998). While we might be able to conclude that the state court denied Petitioner's second petition for post-conviction relief on grounds of procedural default, we are not inclined to rely on a state procedural rule that the state court did not clearly rely upon. See id. Further, the fact that the state court may also have denied relief on the merits, as an alternative to procedural default, may mean that the grounds relied on by the state court were not independent of federal law. See Klein v. Neal, 45 F.3d 1395, 1398-99 (10th Cir. 1995) (holding that federal court may presume that state court decided claim as a matter of federal law unless state court clearly and expressly indicated it was relying on state law as the basis for its

7

decision).  Because the state court's decision here is somewhat ambiguous, we will examine the merits of Petitioner's claims regarding jury instructions on unlawfulness and self-defense.

In State v. Parish, 878 P.2d 988, 992 (N.M. 1994), the New Mexico Supreme Court held that "the issue of self-defense is not a necessary element in all manslaughter cases.  However, once properly raised by the defense, it becomes a necessary issue which the State must disprove in order to establish the crime of manslaughter."  Consequently, the court concluded that the manslaughter jury instruction "was simply erroneous in neglecting to instruct on the element of unlawfulness after self-defense evidence had been introduced."  Id. at 993.

Even assuming the instructions were erroneous as a matter of federal constitutional law, which they must be to warrant review under § 2254, the effect on a jury's verdict of an omission of an element of the offense from the jury instructions is subject to harmless error analysis.  Neder v. United States, 119 S. Ct. 1827 (1999); Scoggin v. Kaiser, 186 F.3d 1203 (10th Cir.), cert. denied, 120 S. Ct. 377 (1999).  Under the analysis set forth in Brecht v. Abrahamson, 507 U.S. 619, 638 (1993), our inquiry is whether, in light of the record as a whole, the error "had substantial and injurious effect or influence in determining the jury's verdict."

We have thoroughly reviewed the state court proceedings, Petitioner's brief, the district court's order, and the entire record before us.  The record contains overwhelming

8

evidence of Petitioner's guilt. Significantly, the New Mexico Supreme Court, while not considering this precise issue, found the trial court had instructed the jury on the full spectrum of homicide offenses and on self-defense. State v. Vernon, No. 20,027, op. at 2 (N.M. S. Ct. Nov. 16, 1993) (unpublished). Accordingly, any error in the effect of the instruction was harmless and did not substantially influence or taint the jury's verdict.

B.

Petitioner also argues his trial counsel provided ineffective assistance by (1) failing to investigate and preserve issues regarding Petitioner's competency at the time of the offense and (2) failing to investigate and cross-examine the State's star witness regarding her immunity agreement with the State.

Petitioner raised his ineffective assistance of counsel claims in his first state petition. The state court addressed the claims on the merits. As mentioned above, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. Coleman v. Thompson, 501 U.S. 722, 735 (1991); Scoggin, 186 F.3d at 1205. Accordingly, we may reach the merits of Petitioner's ineffective assistance of counsel claims because the state court rested its decision rejecting the ineffective assistance claims on the criteria set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Coleman, 501 U.S. at 735 (court should assume "there is no independent and adequate

9

state ground for a state court decision when the decision fairly appears to rest primarily on federal law"); Scoggin, 186 F.3d at 1206.

Petitioner's ineffective assistance of counsel claims present mixed questions of law and fact which we review de novo. Scoggin, 186 F.3d at 1206. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must affirmatively show (1) that counsel's performance was deficient or, in other words, "fell below an objective standard of reasonableness," and (2) that counsel's errors prejudiced petitioner because they "were so serious as to deprive petitioner of a fair trial whose result is unreliable." Strickland, 466 U.S. at 687-88; Scoggin, 186 F.3d at 1206. To meet the first prong, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The second prong requires Petitioner to establish the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, we assume without deciding that counsel's failure "fell below an objective standard of reasonableness." See id. at 697 (where it is easier to deny an ineffective assistance of counsel claim for lack of prejudice, a court need not determine whether counsel's performance was deficient); Scoggin, 186 F.3d at 1207 (citing Strickland for same proposition). Accordingly, we proceed directly to the question of whether Petitioner suffered prejudice. To succeed on his claim that counsel should have investigated and

10

developed a potential defense, Petitioner must show that the defense would likely have prevailed at trial. See United States v. Gray, 182 F.3d 762, 767 (10th Cir. 1999) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Because we conclude Petitioner has failed to establish a reasonable probability that the result of the trial would have been different had counsel investigated the diminished capacity issues, the alleged error does not warrant setting aside Petitioner's conviction.

Petitioner further argues that his counsel provided ineffective assistance by failing to investigate and cross-examine the State's star witness regarding her immunity agreement with the state. Petitioner's bare allegations, however, fall far short of establishing an ineffective assistance of counsel claim. The record shows that Petitioner's counsel effectively cross-examined the witness regarding her intoxication and inconsistent statements to authorities. Accordingly, Petitioner suffered no prejudice and his ineffective assistance of counsel claim fails.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.[4]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[4] Petitioner's motion to strike appellee's brief is DENIED.