Tyrone L. HILL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 58951.

Missouri Court of Appeals,
Western District.

Nov. 12, 2002.

John M. Schilmoeller, Assistant State Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Jefferson City, MO, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J.J., and ELLIS, C.J.

HAROLD L. LOWENSTEIN, Judge.

The issue in this case is whether a defendant's Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to object to a jury instruction that erroneously omitted the *mens rea* element where the defendant's *sole* defense is one of mistaken identity and where the defendant was convicted of a different crime that necessarily required a finding of the missing element. This court holds that there was no Sixth Amendment violation. Accordingly, this court affirms the circuit court's denial of appellant's Rule 29.15 motion.

Tyrone L. Hill was convicted of two counts of robbery in the first degree, § 569.020,[1] two counts of armed-criminal

---

1. All statutory references are to RSMo 1994.

action, § 571.015.1, tampering in the first degree, § 569.080.1, and possession of short-barreled shotgun, § 571.020.1(4). To be convicted of armed criminal action, a person must commit a felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon[.]"

On direct appeal, Hill argued that the circuit court plainly erred in approving a jury instruction relating to possession of a short-barreled shotgun that omitted the word "knowingly," a necessary element in the offense. Hill's counsel did not object to the instruction either before submission to the jury or after trial in a post-trial motion. This court affirmed his conviction. *State v. Hill*, 970 S.W.2d 868, 870 (Mo.App.1998).

In a Rule 29.15 motion, Hill argued, among other things, that his Sixth Amendment right to effective assistance of counsel was violated because his counsel did not object to the prosecution's jury instruction. Without holding an evidentiary hearing, the circuit court denied Hill's motion, concluding that it could not consider Hill's ineffective assistance of counsel claim because it was materially similar to an argument made by Hill on direct appeal. This court affirmed the motion court, *Hill v. State*, WD58951, memorandum order at 7 (Mo.App.2001). The Supreme Court of Missouri accepted transfer, then transferred the case back to this court for reconsideration in light of *Deck v. State*, in which the Court held that an error that is not outcome-determinative (necessary and sufficient to show plain error) may nonetheless prejudice a defendant and thus violate his right to effective assistance of counsel. 68 S.W.3d 418, 426 (Mo. banc 2002).

## FACTUAL HISTORY

On May 16, 1996, Tyrone Hill robbed the Dollar General store. He approached the cashier on duty, Joyce Nead, with a paper bag. He told her to give him the money from the register, and pointed to something concealed beneath his coat, which Nead thought was a gun. Nead panicked and could not open her register. A customer, Judy George, then approached the register with a $20 bill in her hand. While approaching, George heard Nead tell Hill, "I'm trying to get it open." Hill grabbed George by her shoulder, put a shotgun to her neck, and told Nead to hurry up or he would "blow her neck off." Hill took George's $20.

Unable to open the register, Nead called over her manager, John Miller. Miller approached the cash register and saw the defendant holding the gun. Hill pointed the gun at him, and told him he would kill him unless he (Miller) opened the register. Miller was unable to open the register. During Miller's attempts to open the register, Hill repeatedly said, "Open up the register or I'll kill you," and, "Give me the money or I'll kill the customer." Miller pulled out $130 from the adjacent drawer and gave it to Hill, who pocketed the money and left the store.

Officer Gregory Smith, who was driving by the Dollar General, heard a radio dispatch indicating that a robbery had just occurred at the store. As Officer Smith pulled his vehicle up to the curb, he saw a man exiting the store who fit the description of the robbery suspect and who he would later identify as Hill. Seeing Smith's patrol car, Hill took off running through a parking lot and then cut through a beauty shop. Smith, thinking Hill was armed, did not chase Hill into the shop, instead radioing Officer Rick Stark and telling Stark that Hill had entered a fenced, wooded area. Officer Stark arrested Hill in this area. When the police searched Hill, they found a .20 gauge shotgun shell and $149,

bundled in the same way that the Dollar General packaged its cash. Police Chief Christopher Turnbow also recovered a paper sack and crumpled white T-shirt next to the shed in the yard from which Hill had run. Officer Kevin Sheets found a green pullover shirt which was wrapped around a sawed-off shotgun in a bush near the Dollar General store. Its length was approximately 15¾ inches.

Meanwhile, in a nearby parking lot, police also found a car, later determined to have been stolen, with its right rear window broken out. Inside the car, police found a blood-stained paper towel, a screwdriver and a rap music tape. Pat Sanchez, the owner of the car, said it had been stolen earlier that day. She said that the towel, screwdriver, and tape were not hers. Fingerprints taken from the trunk matched Hill's.

At his trial, Hill testified that when he was arrested he was on his way to Pizza Hut and was just taking a shortcut through the parking lot, a shortcut that took him past the car. There, he testified, is where he found the shotgun shell, which he picked up for good luck. He also testified that he patted the trunk merely to see whether the car was rigged with an alarm. He then rifled through it to see if he could find something else to steal. As he was getting out of the vehicle, Hill testified, the police arrived and he started to run, but stopped when Officer Stark drew his gun. Hill testified that the money in his pocket was to take care of unpaid traffic tickets.

## STANDARD OF REVIEW

■ A ruling on a Rule 29.15 motion will be reversed only when the findings and conclusions are clearly erroneous. Rule 29.15(k). "Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Morrow v. State,* 21 S.W.3d 819, 822 (Mo. banc 2000).

To succeed on a Rule 29.15 ineffective assistance of counsel claim, Hill must prove that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, thereby prejudicing Hill. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice means "a reasonable probability that, but—for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Hill faces a strong presumption that counsel's challenged action (or inaction) fell within the range of sound trial strategy, and bears the burden to prove by a preponderance of the evidence counsel's objective failure to provide effective assistance. *Id.* at 689, 104 S.Ct. 2052. Moreover, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the ... [proceedings] cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

## ANALYSIS

■ Hill argues that the motion court erred in overruling his Rule 29.15 motion, without first holding an evidentiary hearing, because counsel rendered ineffective assistance in failing to object to the state's erroneous jury instruction regarding the charge of possession of a short-barreled shotgun. He argues that the instruction was erroneous because it left out the word "knowingly," whereas § 571.020 required the state to prove beyond a reasonable doubt that Hill "knowingly possess[ed]" the prohibited shotgun. Though the circuit court erred—*Deck v. State* makes this clear—this court nonetheless affirms on different grounds.

Hill contends that the state did not present any evidence indicating he knew either that he possessed the shotgun or that it was less than 18 inches long and that a competent attorney in his counsel's position would have objected to the state's erroneous instruction. Assuming, for the sake of argument, that this is true, this court nevertheless finds no prejudice flowed from counsel's nonfeasance. Hill was charged and convicted of committing armed criminal action, which required the state to prove, and the jury to find, beyond a reasonable doubt that Hill committed a felony (namely, robbery) "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon[.]" § 571.015(1). In *State v. Cruz*, this court held that the "prescribed mental state for [armed criminal action], under § 571.015.1, would be the same as for the underlying felony, as expressly prescribed for that offense or as supplied pursuant to § 562.021.3." 71 S.W.3d 612, 619 (Mo.App. 2001). The underlying felony of which Hill was convicted was armed robbery. The armed robbery statute, § 569.020, does not specify a mental state requirement.[2] Where the definition of an offense does not specify a mental state for any elements of an offense, "a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state." § 562.021(3). Hence, the mental state applicable to the armed criminal action charges against Hill, in particular the "by, with, or through the use, aid, or assistance of a dangerous instrument or deadly weapon" element, was "purposefully or know-

ingly." Having found Hill guilty of armed criminal action, then, the jury had to have found that he either purposefully or knowingly used the short-barrel shotgun in robbing his victims. Hill's purposeful or knowing use presupposes he knowingly possessed the shotgun. Consequently, Hill cannot show any reasonable probability that including the omitted *mens rea* term would have made *any* difference in the outcome of his trial on the weapons possession charge.

Hill's case is strikingly similar to *Scoggin v. Kaiser*. There, Tenth Circuit held that defense counsel's failure to object to a jury instruction that omitted (or misstated) two elements of the crime defendant was charged with committing did not violate defendant's right to effective assistance of counsel. 186 F.3d 1203, 1207–08 (1999). The defendant was charged with stealing merchandise from a retailer, but the court instructed the jury on petit and grand larceny. *Id.* Neither form of larceny requires proof that the property stolen be from a retailer. *Id.* The court found there was ample evidence proving that the jury had to conclude that the property stolen was merchandise from a retailer, *Id.* at 1208, just as here the jury had to conclude Hill knowingly possessed the short-barreled shotgun because it found that he had used it in the commission of a crime. Moreover, the defendant in *Scoggin*, like Hill, had relied (perhaps exclusively) on a defense of mistaken identity. *Id.* These two facts—ample evidence to support proof of an element, a defense of mistaken identification—led the court to find no prejudice stemming from defense counsel's failure to object to the incomplete jury

---

**2.** Section 569.020 states, *inter alia*

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participants in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

instruction. *Cf. State v. Wurtzberger,* 40 S.W.3d 893, 897 (Mo. banc 2001). To be sure, the Tenth Circuit was analyzing the case under a harmless error standard, 186 F.3d at 1207, but since the court found *no* prejudice the result is the same under the clearly erroneous standard.

Hill's second claim, that the state did not put on any evidence that he knew the length of the shotgun was less than 18 inches, may very well be true;[3] however, Hill, though vaguely contending the omission of the term "knowingly" was error, did not present this specific theory in the motion court. This court cannot consider claims not pleaded to the motion court. *State v. Clay,* 975 S.W.2d 121, 141–42 (Mo. banc 1998).

A full review of the record does not definitely and firmly reveal that the circuit court erred in failing to hold an evidentiary hearing nor in denying Hill's motion. The judgment of the circuit court is affirmed.

All Concur.

---

3. And a valid argument. *See State v. Nations,*  676 S.W.2d 282, 284 (Mo.App.1984).