**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

WILLIAM J. BARNETT, also known
as William Barnett,

    Petitioner-Appellant,

    v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents-Appellees.

No. 98-2139

---

**Appeal from United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-97-763-MV)**

---

Submitted on the briefs:[1]

William J. Barnett, appellant pro se.

Tom Udall, Attorney General, and Patricia Gandert, Assistant Attorney General,
Santa Fe, New Mexico, for the appellees.

---

    [1] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
Therefore, the case is ordered submitted without oral argument.

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

**BRISCOE**, Circuit Judge

Petitioner William Barnett, a state prisoner appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. We reverse and remand for further proceedings.

Barnett was convicted in 1991 of two counts of second degree criminal sexual penetration, kidnaping, aggravated burglary, attempted armed robbery, possession of a firearm or destructive device by a felon, and misdemeanor aggravated battery. He was sentenced to a total term of imprisonment of forty-six and one-half years. His convictions and sentence were affirmed on direct state appeal on July 2, 1992, and his petition for writ of certiorari was denied by the state supreme court on August 14, 1992.

Barnett's habeas petition in state court was denied on August 22, 1995, and he did not seek certiorari review. He filed a second habeas petition in state court on April 17, 1997, reasserting many issues previously raised and at least one new issue--constitutionality of sentencing. His second habeas petition was denied on April 22, 1997, and his petition for writ of certiorari was denied by the state supreme court on May 29, 1997.

The present habeas petition was filed in federal district court on June 3,

1997. The district court adopted the order and recommendation of the magistrate judge and dismissed the petition as untimely. The district court issued a certificate of appealability.

Since Barnett's state convictions became final prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996, he had one year from April 24, 1996, to file an application for federal habeas relief. See 28 U.S.C. § 2244(d)(1); Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). The limitations period ran unabated until April 17, 1997, when Barnett filed his second application for habeas relief in state court. See 28 U.S.C. § 2244(d)(2). The crux of this appeal is whether the limitations period was tolled until the state court denied the second habeas application, as the district court found, or whether it remained tolled until the state supreme court denied certiorari, as Barnett asserts.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" a state prisoner's one-year period of limitation. Id. The district court narrowly defined the term "pending" to mean only the time during which an application for post-conviction relief remains unresolved by a state district court. We conclude the term must be construed more broadly to encompass all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. Such a construction comports with the generally-accepted definition of the term. See, e.g., Beverly Community Hosp. Assoc. v. Belshe, 132 F.3d 1259, 1264-65 (9th Cir. 1997) (statutory reference to "pending" lawsuits encompasses not only undecided cases at district court level but also cases pending on appeal), cert. denied, 119 S. Ct. 334 (1998); de Rodulfa v. United States, 461 F.2d 1240, 1253 (D.C. Cir. 1972) ("suit is pending until the appeal is disposed of, and until disposition any judgment appealed from it is still sub judice"). It is also consistent with the requirement that state prisoners first exhaust all available state court remedies before seeking federal habeas relief. See Picard v. Connor, 404 U.S. 270, 275 (1971); Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992) (concluding state prisoner did not fully exhaust state remedies because he did not seek certiorari review with state supreme court). Although we did not directly address the issue in Hoggro, we implicitly indicated § 2244(d)(2) encompasses a properly filed appeal and/or petition for writ of certiorari. 150 F.3d at 1226 n.4 (refusing to count additional time, for tolling purposes, during which prisoner appealed state court denial of habeas petition because appeal was untimely). The district court's narrow definition of the term could result in state prisoners forfeiting their right to federal habeas review while attempting to fully exhaust

-4-

state court remedies.

Barnett's one-year period of limitation for filing an application for federal habeas relief was tolled from the time he filed his state application on April 17, 1997, until the state supreme court denied his timely-filed petition for writ of certiorari on May 29, 1997.    See Martinez v. State , 796 P.2d 250, 251 (N.M. App. 1990) (petition for writ of certiorari may be filed with supreme court within thirty days of denial of habeas petition).  Thereafter, he had seven days, or until June 5, 1997, to file an application for federal habeas relief.  Barnett's federal habeas petition was filed on June 3, 1997, and was clearly timely.     [2]

REVERSED and REMANDED to the district court for further proceedings. Barnett's motion to file his reply brief out of time and his motion to file an amended supplement to the reply brief are GRANTED.

---

[2]  We have not taken into account the "mailbox rule."        See generally Houston v. Lack , 487 U.S. 266, 270 (1988) (pro se prisoner's notice of appeal is "filed" when delivered to prison officials for forwarding to clerk).