F I L E D
United States Court of Appeals
Tenth Circuit

JUN 17 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT CURTIS WILLIAMS,

Petitioner-Appellant,

v.

RONALD LYTLE, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 98-2197
(D.C. No. CIV-97-1176-BB/LCS)
(D. N.M.)

ORDER AND JUDGMENT *

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Robert Williams, a New Mexico state inmate, appeals from the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We review de novo the legal basis for the district court's dismissal, see Rogers v. Gibson, No. 98-6301, 1999 WL 203188, at *1 (10th Cir. Apr. 12, 1999), and affirm.

## BACKGROUND

Appellant was convicted in 1991 of first-degree murder and second-degree criminal sexual penetration. His conviction and sentence were upheld on direct appeal. See State v. Williams, 874 P.2d 12, 22 (N.M. 1994). Later, proceeding pro se, appellant pursued collateral remedies. On April 18, 1997, he allegedly placed a state habeas petition in the prison mail system. The state district court denied the petition on May 30, 1997. Although his petition for writ of certiorari to the New Mexico Supreme Court was denied on August 6, 1997, he allegedly did not receive notice of the denial until August 11, 1997. He allegedly placed his federal habeas petition in the prison mail system on August 24, 1997. The petition was filed in district court on September 2, 1997.

In the district court, the magistrate judge appointed counsel to represent appellant and ordered briefing on appellee's motion for dismissal on the grounds that the petition was time-barred. Based on the briefs, the magistrate judge recommended that the petition be dismissed as untimely. Alternatively, he

recommended dismissal for failure to state a cognizable federal habeas claim. The district court adopted the recommendation of the magistrate judge and dismissed the petition with prejudice. This appeal followed. [1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year period of limitation for filing habeas corpus petitions, beginning on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). To avoid retroactivity problems, we have established a judicial grace period for petitioners like Mr. Williams, whose convictions became final before April 24, 1996, the effective date of AEDPA. For them, the limitations period begins to run on that date and ends April 23, 1997. See Hoggro, 150 F.3d at 1225-26.

On appeal, appellant argues that his petition should be considered timely through a combination of statutory tolling and equitable tolling. We disagree. [2]

---

[1]  On February 22, 1999, we granted a certificate of appealability, see 28 U.S.C. § 2253(c)(1)(A).

[2]  Appellant has also appealed issues relating to the district court's determination that the petition failed to state a cognizable habeas claim under the applicable AEDPA standards, see 28 U.S.C. § 2254(d), (e)(1). Because we

(continued...)

## Statutory Tolling

AEDPA's tolling provision, set forth in § 2244(d)(2), provides that the one-year limitations period is tolled during the time that a properly filed application for state post-conviction relief is pending.  We have held that the tolling provision operates during the judicially-created grace period.       See Hoggro, 150 F.3d at 1226.  The time tolled encompasses all periods during which a prisoner is properly attempting to exhaust state post-conviction remedies, including the interim between the denial of a state habeas petition and the filing of a proper petition for certiorari before the state supreme court.       See Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).

Here, appellant filed a post-conviction petition in the state district court on April 18, 1997, which stopped the running of the judicially-created grace period with only five days remaining.[3]  The grace period was tolled from that day through August 6, 1997, when the state supreme court denied the petition for

---

[2](...continued)
conclude that the petition is time-barred, we do not reach the merits of his appeal.

[3]       Under the mailbox rule established in       Houston v. Lack, 487 U.S. 266, 270, 275-76 (1988), a federal habeas petition is deemed filed as of the date the prisoner placed it in the prison's mail system.       See Hoggro, 150 F.3d at 1226 n.3 (applying the rule to habeas proceedings).  For the purposes of calculating the limitations period in this case, we have assumed without deciding that the rule applies to the state post-conviction petition, as well as the federal petition.       See Adams v. Lemaster, No. 98-2222, 1999 WL 80381, at **3 (10th Cir. Feb. 17, 1999) (unpublished) (leaving a decision on the issue to the district court).

certiorari. To file his federal habeas petition, he had until August 11, 1997,

or the same day he received notice that the state denied his petition for certiorari.

Appellant missed that deadline by seventeen days. [4]

## Equitable Tolling

Appellant contends that he "narrowly missed the one-year limitation,"

and that the district court should have excused his untimeliness by applying the

doctrine of equitable tolling. Appellant's Br. at 13. The magistrate judge did not

discuss the equitable tolling argument and, upon considering appellant's

objections to the recommendation of the magistrate judge, the district court did

not provide its reasons for rejecting it. Appellant's asserted reasons for

application of equitable tolling are that: (1) he had difficulty in obtaining the trial

record, so that his filing of the state post-conviction proceeding was hampered;

(2) he filed his federal petition as quickly as possible, in light of delayed notice

that the state supreme court had denied his petition for certiorari and the short

time remaining on his grace period; and (3) he had no reliable legal assistance in

preparing either the state or federal petitions.

---

[4] Appellant asserts that, under a "reverse application" of Houston v. Lack, 487 U.S. at 275-76, he should be entitled to credit for the five days that elapsed between the denial of his petition for certiorari and his notice of the denial. On the facts of this case, we need not resolve this issue. Even if the tolling period were extended by the additional days, appellant failed to meet the statutory time limit.

We recognize that the limitation period imposed by § 2244 is not jurisdictional, and is subject to equitable tolling in extraordinary circumstances. See Miller v. Marr , 141 F.3d 976, 978 (10th Cir.), cert. denied , 119 S. Ct. 210 (1998); see also Davis v. Johnson , 158 F.3d 806, 811 (5th Cir. 1998) (holding that one-year limitation period of AEDPA will be equitable tolled "in rare and exceptional circumstances"), cert. denied , 119 S. Ct. 1474 (1999). A prerequisite for application of equitable tolling principles, however, is that the prisoner must diligently pursue his federal habeas claims. See Miller , 141 F.3d at 978; Miller v. New Jersey State Dep't of Corrections , 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies where prisoner has diligently pursued claims and also, in some "extraordinary way," been prevented from asserting rights) (quotation omitted).

We have considered appellant's contentions and determine that they do not implicate equitable tolling principles. First, we note that, for two years after his conviction became final, he failed to pursue any post-conviction remedies. It was his own lack of diligence that caused complications with obtaining the state court record and the eleventh-hour notice of denial of certiorari. Moreover, appellant's pro se status while preparing his petitions does not justify his failure to timely file his petition. Because there is no legal right to counsel in collateral proceedings, see Pennsylvania v. Finley , 481 U.S. 551, 555 (1987), lack of legal assistance

cannot constitute sufficient cause for a failure to timely file a habeas petition. In short, appellant's excuses are not sufficient to equitably toll the limitations period set forth in 28 U.S.C. § 2244(d)(1).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of appellant's petition for habeas corpus relief.

Entered for the Court


Wade Brorby
Circuit Judge