**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TOMI EDWARD JENNINGS, JR.,

      Petitioner-Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL,

      Respondents-Appellees.

No. 99-8024
(D.C. No. 97-CV-210)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal arises from the district court's dismissal of petitioner's petition for writ of habeas corpus as time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the habeas corpus statute and established a one-year limitation period to file habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Because the judgment on petitioner's conviction was final before the effective date of AEDPA, he had until April 24, 1997 to file a petition for habeas relief. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Petitioner's first habeas petition was filed before that date, but the district court dismissed it on February 27, 1997, because petitioner had not exhausted his state remedies and he failed to state a claim upon which relief could be granted.

The district court was obligated to dismiss the first petition because exhaustion of state remedies is a prerequisite to federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Had petitioner requested post-conviction relief in state court pursuant to Wyo. Stat. Ann. §§ 7-14-101 through 108 (1999), the one-year limitation period would have been tolled while he had a properly filed application for state post-conviction relief pending in the state court. *See Barnett v. Lemaster*, 167 F.3d 1321, 1322-23 (10th Cir. 1999). He did not, however, avail himself of those remedies. Consequently, when petitioner filed his second request for habeas relief on August 25, 1997, the one-year limitation period had long since expired. We agree with the district court that the habeas petition is time-

barred, and we must DISMISS the appeal. The application for a certificate of appealability is DENIED. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge