**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL HERDT,

      Petitioner - Appellant,

v.

JUDY UPHOFF, in her official
capacity as Director of the Wyoming
Department of Corrections;
ATTORNEY GENERAL FOR THE
STATE OF WYOMING,

      Respondents - Appellees.

No. 01-8000
(D.C. No. 99-CV-56-D)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

Petitioner Michael Herdt appeals from a district court order dismissing as

untimely his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.

§ 2254. Because petitioner has not made a substantial showing that the district

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

court's procedural ruling is debatable among jurists of reason, we deny his application for a certificate of appealability ("COA") and dismiss the appeal.

Herdt was convicted in Wyoming state court of first-degree sexual assault. His direct appeal was unsuccessful, and in his federal habeas petition he alleged nine constitutional violations. The district court dismissed his petition as time-barred, concluding it was filed nearly two years after the running of the applicable limitation period.

Pursuant to 28 U.S.C. § 2253(c), a prisoner must obtain a COA as a prerequisite to appellate review. To be entitled to a COA, petitioner must show both that it is debatable whether the district court's procedural ruling was correct and that it is debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation on a prisoner's right to apply for habeas relief, running from the date the conviction became final. 28 U.S.C. § 2244(d)(1). Because petitioner's conviction was affirmed on direct appeal before the effective date of AEDPA, he had until April 23, 1997, to file his § 2254 action. See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Petitioner did not file his § 2254 action until March 22, 1999, almost two years after the applicable deadline.

Under 28 U.S.C. § 2244(d)(2), the limitation period is tolled by "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  Although petitioner pursued state collateral review, he did not do so until May 15, 1998, after AEDPA's limitation period had run.  An application for state collateral review is "pending" so as to toll the period of limitation only while "a state prisoner is attempting . . . to exhaust state court remedies."  Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The limitation period runs "unabated" until an application for state post-conviction relief is filed.  Id. at 1322.  Petitioner's application for post-conviction relief in May 1998 thus did not toll the running of the limitation period.

We find no merit in petitioner's additional claim that his petition was subject to "equitable tolling" after the limitation period had run.  As the district court found, petitioner has not alleged impediments sufficient to prevent him from diligently pursuing state or federal collateral review.

Because petitioner has not made the threshold showing that it is debatable whether the district court was correct in its procedural ruling, we need not address whether he has stated a valid claim of the denial of a constitutional right.  Slack, 529 U.S. at 485.

Petitioner's motion to proceed in forma pauperis is **GRANTED**.  His application for a COA is **DENIED**.  The appeal is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge