**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY LANDIS,

Petitioner-Appellant,

v.

RICK SOARES, Superintendent; and
KENNETH SALAZAR, the Attorney
General of the State of Colorado,

Respondents-Appellees.

No. 04-1257

(D. Colo.)

(D.C. No. 01-RB-1822 (BNB))

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

---

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

---

Petitioner-Appellant Anthony Landis, a state prisoner appearing pro se,

filed a petition for writ of habeas corpus in the district court pursuant to 28

U.S.C. § 2254 (2000). Upon the magistrate judge's recommendation, the district

court dismissed Landis's petition as untimely under 28 U.S.C. § 2244(d)(1), and

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Landis now appeals that decision. Under the Antiterrorist and Effective Death Penalty Act ("AEDPA"), no appeal may be taken to this court in habeas cases unless we first issue a certificate of appealabilty ("COA"). 28 U.S.C. § 2253(c)(1) (2000). Because reasonable jurists would not find it debatable that the district court was correct in dismissing Landis's habeas petition, we deny him a COA and dismiss the appeal.

## I. Background

This case has a long and tangled procedural history dating back over twenty years. On November 21, 1983, Landis was charged with second degree burglary and theft. He was also charged with three counts under Colorado's habitual offender statute. A jury convicted Landis on the substantive charges, and on September 13, 1984, a jury also found that Landis had committed three prior felonies (two burglaries and grand larceny). Accordingly, Landis was sentenced to two concurrent life prison terms.

Landis appealed and received a limited remand to the trial court on March 17, 1987. The purpose of the remand was to determine whether one of the habitual criminal offenses was actually a misdemeanor under the terms of a plea agreement in Virginia. The trial court ultimately concluded that the Virginia offense was a felony, and the Colorado Court of Appeals upheld that decision.

On January 8, 1990, the Colorado Supreme Court denied Landis's petition for writ of certiorari.

On August 13, 1990, Landis filed a motion under Rule 35(c) of the Colorado Rules of Criminal Procedure seeking a proportionality review of his life sentence (the 1990 post-conviction proceedings). The trial court concluded that Landis's life sentence was not constitutionally disproportionate and denied the motion. The Colorado Court of Appeals affirmed. On March 25, 1997, the Colorado Supreme Court denied certiorari review.

Landis then filed a post-conviction motion in the Virginia trial court in January 1998 (the Virginia motion). In the motion, Landis requested clarification regarding the nature of his Virginia offense. On February 2, 1998, the Virginia trial court issued an "Amended Final Order" stating that Landis had been guilty of a misdemeanor.

On April 23, 1998, Landis filed in Colorado a motion under Rule 35(a) and (c) requesting that the court vacate his prison sentence because the Virginia conviction was not a felony. We refer to this matter as "the 1998 post-conviction proceedings." The trial court denied the motion as untimely under Colo. Rev. Stat. § 16-5-402 (1999). The Colorado Court of Appeals affirmed, and, on September 18, 2000, the Colorado Supreme Court again denied Landis's request

for certiorari review.  Thereafter, on September 18, 2001, Landis filed the instant habeas corpus petition.

## II.  Analysis

We review de novo the district court's denial of a habeas petition based on § 2244(d), examining the district court's findings of fact for clear error.  *Burger v. Scott*, 317 F.3d 1133, 1137–38 (10th Cir. 2003).  However, "we review the district court's decision on equitable tolling of the limitation period for an abuse of discretion."  *Id.* at 1138.

## A.  One-year Limitations Period

This court may only issue a COA and entertain Landis's appeal if he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000); *see also United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003).  To make this showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted).  Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather we merely conduct "an overview of the claims in the habeas petition and a general assessment of their merits."  *Id*.

Where, as here, the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the habeas petitioner shows that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the constitutional right *and* that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, Landis must show that he has been denied a constitutional right and that the district court erred in its procedural ruling. We may deny a COA on either of these two prongs. *Id.* at 485.

Absent a showing of statutory or equitable tolling, state prisoners have a one-year period within which to file a habeas corpus petition. *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The limitations period generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000). However, for convictions that became final prior to the enactment of AEDPA, the one-year limitations period runs from the Act's effective date, which was April 24, 1996. *Hoggro*, 150 F.3d at 1225–26. Thus, absent statutory or equitable tolling, Landis had one year from that date to file his writ for habeas corpus. The limitations

period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending." 28 U.S.C. § 2244(d)(2) (2000).

The magistrate judge concluded that the 1990 post-conviction proceedings tolled the limitations period from April 24, 1996 up to March 25, 1997. The Virginia motion then tolled the limitations period from March 25, 1997 until February 2, 1998. [1] The limitations period ran for the next 79 days until April 23, 1998, which is when Landis filed his Rule 35 motion in connection with the 1998 post-conviction proceedings. The 1998 post-conviction proceedings lasted from April 23, 1998 until September 18, 2000, and therefore the limitations period was tolled during this time. Beginning on September 19, 2000, however, the limitations period ran until it expired 286 days later on July 2, 2001. Because Landis did not filed his habeas corpus petition until September 18, 2001, the

---

[1] It is doubtful that the Virginia motion qualifies as a tolling event under § 2244. The relevant statutory language states that the limitations period is tolled as long as "State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . is pending." 28 U.S.C. § 2244(d)(2) (2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (noting that the word "pending" in § 2244 encompasses "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application"). In reviewing the habeas petition in the light most favorable to Landis, the magistrate judge assumed that the Virginia motion operated to toll the limitations period. Because the one-year limitations period lapsed even with this additional tolling, we need not address whether the Virginia motion qualifies as a tolling event under § 2244(d)(2). For purposes of this order, we, like the magistrate judge, assume that it does.

magistrate judge concluded that the petition was barred by the one-year limitations period.

We find that no reasonable jurist would disagree with the above calculations or the district court's procedural ruling. We therefore hold that Landis's habeas corpus petition is barred by § 2244(d)(1).

## B. Equitable Tolling

Nor are we persuaded that the limitations period should have been equitably tolled. We have held that the one-year statute of limitations "may be subject to equitable tolling" when the inmate has diligently pursued his claim. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Nevertheless, equitable tolling is limited to "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), such as where "a constitutional violation [will] result[] in the conviction of one who is actually innocent or incompetent." *Miller*, 141 F.3d at 978. In this case, we find that Landis has not diligently pursued his claim. Landis was originally sentenced in September 1984, yet he did not file the Virginia motion until January of 1998. Equitable tolling cannot be used to excuse an unexplained delay of over 13 years.

## III. Conclusion

In sum, we agree with the district court that Landis's habeas petition is untimely, and we therefore DISMISS his appeal and DENY the issuance of a COA. Landis's petition to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge