**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND W. SCOTT,

Petitioner-Appellant,

v.

GARY WALKIN; JOHN SUTHERS,
The Attorney General of the
State of Colorado,

Respondents-Appellees.

No. 05-1505

District of Colorado

(D.C. No. 05-CV-1732-ZLW)

**ORDER** [*]

Before **MURPHY** , **SEYMOUR** , and **McCONNELL** , Circuit Judges.

Raymond W. Scott, a state prisoner proceeding  *pro se* , seeks a certificate of appealability (COA) that would allow him to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254.  *See*  28 U.S.C. § 2253(c)(1)(A).  Because we conclude that Mr. Scott has failed to make "a substantial showing of the denial of a constitutional right," we  **DENY**  his request for a COA and dismiss the appeal.  28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel

In 2000, before a Colorado state court, Mr. Scott pleaded guilty to first-degree burglary, second-degree burglary, and attempted second-degree sexual assault. He received a sentence of twenty-three years in prison and five years of parole. The conviction was entered on March 13, 2000, and under Colorado law Mr. Scott had 45 days after entry of the judgment to file a notice of appeal. *See* Colo. App. R. 4(b)(1). Because he brought no direct appeal in state court, his conviction became final on April 27, 2000.

Under 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to applications for a writ of habeas corpus brought by persons in custody pursuant to the judgment of a state court. The limitation period begins to run on the latest of several dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In this case, the expiration period expired on April 27, 2001.

Mr. Scott filed this petition on August 16, 2005, well outside the limitation period. He argues that his petition is nonetheless timely because the period is tolled during the pendency of "a properly filed application for state postconviction review." *See id.* § 2244(d)(2). Although Mr. Scott did eventually seek postconviction relief in the Colorado courts, he waited until December 19, 2002 to do so. By that time, the limitation period for filing a petition for federal

habeas relief had already expired. The fact that Colorado law sets a longer limitation period to commence an action for collateral review in state court, *see* Colo. Rev. Stat. § 16-5-402(1) (setting a limitation period of 3 years for all felonies other than class 1 felonies), does not affect the one-year limit under § 2244(d)(1). *Cf. Barnett v. Lemaster*, 167 F.3d 1321, 1322–23 (10th Cir. 1999) (holding that "[t]he limitations period ran unabated" prior to a petitioner's filing of a second petition for habeas relief in state court).

Mr. Scott's petition is time-barred, and the district court properly denied it. Accordingly, we **DENY** Raymond W. Scott's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED.**

Entered for the Court,

Michael W. McConnell
Circuit Judge