**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARREN C. BLUEMEL,

Petitioner-Appellant,

v.

CLINT S. FRIEL, Warden and MARK
L. SHURTLEFF, Attorney General,

Respondents-Appellees.

No. 06-4271

District of Utah

(D.C. No. 2:04-CV-1082 TC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Darren Bluemel, a state prisoner, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Bluemel filed his petition after the one-year statute of limitations expired, we deny his request for a COA and dismiss the appeal. *Id.* § 2253(c)(2).

**Background**

On June 11, 1999, Mr. Bluemel pleaded guilty in Utah state court to first-degree murder. He was represented by court-appointed counsel. At sentencing

on August 30, 1999, he received the maximum sentence under state law at the time: an indeterminate sentence of five years to life in prison. The record indicates that, when Mr. Bluemel pleaded guilty and was sentenced, he was taking antidepressants due to a head injury he had suffered some five years earlier.

Because Mr. Bluemel did not appeal his conviction, it became final on September 29, 1999, the deadline under state law for filing an appeal. On August 25, 2000, Mr. Bluemel—then proceeding *pro se*—filed his first petition for state post-conviction relief. The state district court denied this petition on December 11, 2000. Mr. Bluemel did not appeal that dismissal within the thirty-day deadline, which expired on January 11, 2001. He filed a second state petition for post-conviction relief on January 19, 2001, which the state court denied on March 2, 2001. Mr. Bluemel again failed to appeal that decision within the thirty days allotted for doing so, or before April 2, 2001.

Mr. Bluemel filed a third state petition for post-conviction relief on June 8, 2001. After this petition was denied, Mr. Bluemel pursued it through the appeals process, which ended on December 2, 2003, when the Utah Supreme Court denied certiorari.

Mr. Bluemel filed this petition for federal habeas relief on November 23, 2004. The district court denied Mr. Bluemel's petition on procedural grounds, holding that the petition was barred because it was filed outside of the one-year statute of limitations period in 28 U.S.C. § 2244(d). The court rejected Mr.

2

Bluemel's contention that the limitations period should be tolled on statutory and equitable grounds. Mr. Bluemel now requests a COA from this Court.

**Discussion**

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, as the district court did in this case, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We find the district court's procedural ruling correct and therefore dismiss the petition.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). This limitation period is tolled while properly filed applications for state post-conviction relief or other collateral review are pending. *Id.* § 2244(d)(2). AEDPA's statute of limitations is also subject to equitable tolling in cases where extraordinary circumstances outside of the prisoner's control lead to delay in filing. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr.

3

Bluemel argues that he qualifies for both statutory and equitable tolling. He is mistaken.

The district court properly found that the one-year limitations period had expired long before Mr. Bluemel filed this § 2254 petition. Three-hundred thirty-one days of the 365-day allotment had already passed when Mr. Bluemel first sought post-conviction relief in state court on August 25, 2000. Thereafter, the limitations period was tolled while Mr. Bluemel's first and second state petitions for post-conviction relief were "pending"—i.e., after the petitions were filed and before the time for appealing the resolved petitions expired. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The thirty-four days remaining in his limitations period ticked away while no petition was pending and expired no later than April 29, 2001. Thus, Mr. Bluemel's November 2004 § 2254 petition fell outside AEDPA's statute of limitations by at least three and a half years. And the fact that Mr. Bluemel filed a third state petition for post-conviction relief on June 8, 2001, does not change our analysis. This third petition was filed more than one month after the limitations period had expired, so there was nothing left for the June 8 petition to toll.

Mr. Bluemel, however, argues that the limitations period is tolled to this day because the state district court that heard his first petition for post-conviction relief did not rule on a motion to amend, which he filed before the court

4

dismissed his claim. But the limitations period is tolled only while "a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). It is not proper use of court procedure for Mr. Bluemel to neglect to appeal his post-conviction petition and then challenge the state district court's failure to rule on an outstanding motion three and a half years later in a § 2254 proceeding. Rather, Mr. Bluemel should have attacked the state court's failure to rule on his motion in an appeal to the Utah courts. Under AEDPA, tolling stopped as soon as the time for appealing the denied petition expired; at that moment, the petition was no longer pending. *See Carey* 536 U.S. at 220; *Barnett*, 167 F.3d at 1323 (internal citations omitted). Thus, the judgment on Mr. Bluemel's first post-conviction petition became final, not withstanding the outstanding motion to amend, on January 11, 2001, the deadline to appeal.

Finally, we turn to Mr. Bluemel's claim that the limitations period was equitably tolled because (1) he was denied access to a law library, (2) the Utah State Prison contract attorneys refused to help, (3) the contract attorneys provided erroneous advice, (4) he was acting *pro se*, (5) he is mentally disabled, (6) the state refused him access to his court file, and (7) state incarceration officials confiscated his accumulated legal materials.

One dispositive factor leads us to reject these claims. During the time for which Mr. Bluemel seeks equitable tolling, he filed three petitions for state post-

5

conviction relief and a separate civil suit against the state of Utah challenging the prison policy on access to attorneys and law libraries. Equitable tolling excuses a late habeas petition only when a prisoner (1) "has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *see also Marsh*, 223 F.3d at 1220. Mr. Bluemel's litigation work while incarcerated shows that he was able to pursue legal remedies despite the circumstances he claims prevented a timely § 2254 petition. *See Gaston v Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005) (rejecting the petitioner's argument for equitable tolling because he was able to file timely state habeas petitions). In other words, Mr. Bluemel's own efforts show that there was no "extraordinary circumstance" preventing him from timely filing a § 2254 petition.

## Conclusion

Accordingly, we **DENY** Mr. Bluemel's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge

6