FILED
United States Court of Appeals
Tenth Circuit

July 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN DEAN PETERS,

        Petitioner - Appellant,

v.

MICHAEL HEREDIA, Warden; GARY
K. KING, Attorney General of the State of
New Mexico,

        Respondents - Appellees.

No. 08-2247
(D. Ct. No. 6:07-CV-01301-BB-ACT)
(D. N. Mex.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Calvin Dean Peters, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 petition, construed as a petition properly brought pursuant to 28 U.S.C. § 2241.

We also construe the petition as properly brought pursuant to 28 U.S.C. § 2241, DENY a

COA, and DISMISS this appeal.

As an initial matter, we must address the question of timeliness of the notice of

appeal. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004)

(filing a timely notice of appeal is a prerequisite to our jurisdiction). The district court

denied Mr. Peters's § 2254 petition on September 2, 2008. Pursuant to Fed. R. App. P.

4(a)(1)(A), Mr. Peters had thirty days—until October 2, 2008—to file his notice of appeal. His notice of appeal was not filed until October 6. Although his notice of appeal includes a certificate of service stating, under penalty of perjury, that the notice of appeal was mailed to the Attorney General on October 2, 2008, it does not state that the notice was also mailed to the district court on that date and that first class postage was prepaid. *See id.* (appellant not entitled to benefit of the prison mail-box rule where his notice of appeal did not include "a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of deposit with prison officials and . . . a statement that first-class postage was pre-paid," and where appellant had not "subsequently filed such a form in compliance with Rule 4(c)(1)."). *See also Price v. Philpot*, 420 F.3d 1158, 1165–67 (10th Cir. 2005) (appellant could establish timely filing by either alleging and proving that he or she made timely use of prison's legal mail system or by providing "a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.").

This court issued an order directing Mr. Peters to show cause why his appeal should not be dismissed as untimely. Mr. Peters filed a response that, liberally construed, states that he deposited his notice of appeal in the prison mail system on October 2 and that first class postage was paid. We find that under the prison mail rule, Mr. Peters showed substantial compliance. Therefore, we take jurisdiction to determine whether a COA should issue.

In his pro se application to this court, Mr. Peters reiterates the basis for his request for a COA. As he did in the district court, he argues that his constitutional rights to due process of law were violated during prison disciplinary proceedings that occurred in 1997 and 1999. Both of these proceedings resulted in the loss of good-time credit as well as disciplinary segregation. Mr. Peters sought a writ of habeas corpus in the state courts of New Mexico from 2001 to 2007 at which time all relief was denied by the state courts. The New Mexico Supreme Court dismissed the action in 2007 for failure to perfect a timely appeal to that court. This federal action followed.

We agree with the magistrate judge and district court that this petition is properly construed as a challenge to the execution of Mr. Peters's sentence rather than the fact of his conviction. It should therefore be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. We so construe the petition. The result, however, is no different under either provision.

When a habeas petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Whether brought under § 2241 or § 2254, a state prisoner bringing a federal habeas petition bears the burden of showing he has exhausted state remedies. *Montez v. McKenna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Peters has failed to make this showing. We have clearly held that a state prisoner does not fully

exhaust state remedies without timely seeking certiorari review with the state supreme court. *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). The Supreme Court of New Mexico dismissed the state court action for failure to perfect the appeal in that court. Mr. Peters therefore cannot demonstrate that he has exhausted his state remedies.

When a state petitioner has failed to exhaust his state remedies, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). This disposition "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). When the New Mexico Supreme Court denies a petition as untimely, without considering the merits, it is an independent and adequate state ground for denying relief. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). In addition, the magistrate judge in this matter thoroughly considered whether Mr. Peters had put forth any grounds that would excuse or show cause for his default in the state courts and found no adequate excuse for the failure nor any basis for finding a miscarriage of justice. We conclude that reasonable jurists could not disagree that Mr. Peters is procedurally barred from raising the issues put forth in this federal habeas

4

petition. Therefore, we deny the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge