FILED
United States Court of Appeals
Tenth Circuit

August 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAYNE E. TODD,

      Petitioner - Appellant,

v.

ALFRED BIGELOW,

      Respondent - Appellee.

No. 13-4056
(D.C. No. 2:12-CV-00282-CW)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

      Shayne Todd, a Utah prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 habeas petition as

time-barred. We deny a COA and dismiss the appeal.

---

     [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

According to Todd's habeas petition, in 2001 he pled guilty to one count of possession of a dangerous weapon by a restricted person and, after a jury trial, was convicted of one count of first-degree murder. He was sentenced to one-to-fifteen years based on the possession of a dangerous weapon charge and five-years-to-life on the murder conviction.

Todd appealed his conviction and sentence through the state courts. The Utah Court of Appeals affirmed Todd's conviction on October 25, 2007. State v. Todd, 173 P.3d 170, 173 (Utah Ct. App. 2007). On February 28, 2008, the Utah Supreme Court denied certiorari review. State v. Todd, 186 P.3d 957, 957 (Utah 2008). Todd did not seek a writ of certiorari from the United States Supreme Court.

Todd subsequently filed a state petition for post-conviction relief on April 6, 2009. That case was dismissed on September 1, 2009 for failure to pay the filing fee. Todd did not appeal. Todd filed a second petition in March 2010; its dismissal was affirmed by the Utah Court of Appeals on September 15, 2011. Todd v. State, 262 P.3d 1222, 1224 (Utah Ct. App. 2011). The Utah Supreme Court denied certiorari review on March 1, 2012. Todd v. State, 275 P.3d 1019, 1019 (Utah 2012).

On March 23, 2012, Todd filed a § 2254 habeas petition in the United States District Court for the District of Utah, alleging prosecutorial misconduct and jury instruction errors, inter alia. The district court dismissed Todd's petition as barred by the

statute of limitations and rejected his subsequent motion for reconsideration. Todd now seeks a COA from this court.

## II

Todd may not appeal the district court's denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Todd to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Todd proceeds pro se, we construe his filings liberally; however, "we do not assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2254 petitions generally must be filed within one year from "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d). Todd's conviction became final on May 28, 2008, when the deadline to file a petition for writ of certiorari with the United States Supreme Court passed. See Sup. Ct. R. 13(1). Accordingly, without any tolling of the statute of limitations, Todd had until May 28, 2009 to file a habeas petition.

"The time during which a properly filed application for State post-conviction or

other collateral review" is pending tolls AEDPA's one-year limitations period. § 2244(d)(2). When Todd filed his petition for state post-conviction relief on April 6, 2009, he had less than two months remaining to file a federal habeas petition. His state petition was dismissed on September 1, 2009, and Todd did not appeal. Thus, the limitations period began running thirty days later on October 1, 2009. Yet Todd did not file his habeas petition until March 23, 2012, nearly three years later.[1]

Todd contends that his second petition for post-conviction relief was identical to his first, and that the state court incorrectly denied his motion to "intertwine" the two cases. He argues that his habeas petition is thus timely because the AEDPA statute of limitations was tolled until the Utah Supreme Court's decision on his second state petition. We disagree. Todd failed to pay the filing fee for his first petition for post-conviction relief.[2] The petition was properly dismissed and cannot be resurrected to support Todd's statutory tolling argument.

---

[1] Todd's second petition for post-conviction relief did not toll AEDPA's statute of limitations because this petition was not filed until after the limitations period had expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

[2] Utah allows impecunious litigants to institute "any cause in any court" without prepayment of fees or costs upon submission of "an affidavit of impecuniosity demonstrating financial inability to pay fees and costs or give security." Utah Code § 78A-2-302(2). Todd does not contend that he filed such a request or that it was erroneously rejected.

Citing <u>Barnett v. Lemaster</u>, 167 F.3d 1321 (10th Cir. 1999), Todd also asserts that his post-dismissal motions seeking to reassign consideration of his petition and reinstate his case kept it pending beyond the September 1, 2009 dismissal and thus tolled the AEDPA period of limitations. <u>Barnett</u> defined a pending application for post-conviction review "broadly to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." <u>Id.</u> at 1323. Todd's motions to resuscitate his case, in the face of his continuing failure to pay the filing fee, do not constitute "proper use of state court procedures" covered by <u>Barnett</u>.

Todd also asserts generally that he is entitled to equitable tolling, but provides no factual basis or specific arguments to support application of such tolling. Accordingly, Todd has waived any claim to equitable tolling. <u>See</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge