FILED
United States Court of Appeals
Tenth Circuit

September 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS ODELL KELLY, a/k/a
Thomas Odell Kelley,

      Petitioner - Appellant,

v.

DAVID R. MCKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents - Appellees.

No. 13-3137
(D.C. No. 5:11-CV-03233-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Thomas Odell Kelly, a Kansas state prisoner, appearing pro se,[1] seeks to appeal

the district court's dismissal of his 28 U.S.C. § 2254 habeas petition and requests the

required certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a

COA to appeal a final order in a proceeding under § 2241); *Montez v. McKinna*, 208 F.3d

862, 868-69 (10th Cir. 2000). Mr. Kelly also requests leave to proceed *in forma pauperis*

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Kelly is proceeding pro se, we construe his pleadings liberally. *See*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops,
however, at the point at which we begin to serve as his advocate." *United States v.*
*Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.  BACKGROUND

In 1991, Mr. Kelly pled guilty in Kansas state court to aggravated criminal sodomy of one victim and attempted rape of another victim. *See State v. Kelly*, 248 P.3d 1282 (Kan. 2011).  After Mr. Kelly entered his guilty plea but before sentencing, his defense attorney left the public defender's office and a new attorney took over.  At sentencing, the new attorney said Mr. Kelly wanted to withdraw his guilty plea because Mr. Kelly believed the first attorney had coerced him to plead guilty.  The new attorney also advised the court that he had a potential conflict of interest in the matter because he had supervised Mr. Kelly's previous attorney.  The trial court did not address the potential conflict of interest and instead summarily rejected Mr. Kelly's motion to withdraw his plea, stating that the court had personally heard Mr. Kelly's initial plea and saw no coercion.  The court sentenced him to 15 years to life in prison.  Mr. Kelly moved to modify his sentence, and the trial court denied the motion.

Mr. Kelly did not directly appeal his convictions or sentences.  Several years later, he sought collateral relief in state court, but his various attempts were all denied or dismissed at his request.  A federal district court denied his first federal habeas petition in 1994 for failure to exhaust state remedies, and this court affirmed. *Kelly v. Stotts*, 45 F.3d 439 (10th Cir. 1994); *Kelly v. Stotts*, 94-3010-DEC (D. Kan. Mar. 10, 1994).  He filed a second federal habeas petition a year later with the same result. *Kelly v. Nelson*,

94-3416-DEC (D. Kan. Oct. 26, 1995).

Mr. Kelly's next attempts were in 2007 and 2008, when he filed a flurry of motions in Kansas state court. The Kansas Supreme Court rejected these motions on multiple procedural grounds, including that they were time barred and procedurally barred. *See State v. Kelly*, 248 P.3d at 1284-85.

In 2011, Mr. Kelly again sought habeas relief in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 2254. The district court identified four procedural deficiencies:

> (1) failure to state the claims with sufficient clarity and allege adequate facts in support; (2) failure to show full and proper exhaustion of all available state court remedies on every claim; (3) procedural default of petitioner's claims that were recently exhausted; and (4) the petition appears to be barred by the one-year statute of limitations.

*Kelly v. McKune*, No. 11-3233-SAC, 2013 WL 2102872, at *1 (D. Kan. May 15, 2013) (hereinafter "Dist. Ct. Order"). The court ordered Mr. Kelly to: (a) submit an amended petition to cure the first two deficiencies and (b) show cause why the second two deficiencies were not fatal to his claims. Mr. Kelly attempted, then abandoned, an interlocutory appeal of this order. While the interlocutory appeal request was pending in this court, Mr. Kelly filed "Petitioner's Opposition to the Memorandum and Order" in the district court (Mr. Kelly's "Response"). *Id.* at 2.

After reviewing Mr. Kelly's Response and the available state and federal court records, the district court concluded that Mr. Kelly had failed to show why the action

-3-

should not be dismissed as time barred.[2]  The court cited 28 U.S.C. § 2244(d)(1), the governing statute of limitations for federal habeas actions, which requires prisoners to file a federal habeas petition within one year of the State court judgment or action.  Because Mr. Kelly's 1991 conviction and sentence became final before Congress enacted § 2244(d)(1), the district court noted that this one year period began the date of enactment, on April 24, 1996, and ran on April 24, 1997.[3]

The district court considered whether Mr. Kelly had made a case for statutory or equitable tolling.  The one-year limitations period may be tolled by statute during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  § 2244(d)(2).  Mr. Kelly asserted that he had filed a motion in state court in 1993 or 1994 that was never resolved, and that the limitations period should be tolled.  The district court rejected this argument.

---

[2] The district court identified several additional problems fatal to Mr. Kelly's claims.  It concluded that Mr. Kelly had failed to comply with the court's order to file an Amended Petition or to otherwise cure the first two deficiencies outlined above.  As a result, Mr. Kelly failed to show full and proper exhaustion of each of his claims and had failed to "clearly delineate[] what those claims are and their factual basis."  Dist. Ct. Order, at *7.

The district court also considered and rejected Mr. Kelly's claim of judicial bias against him.  The court explained that Mr. Kelly had offered no facts to support his allegations that it had "created a façade and myth" in its previous order.  *Id.*

[3] 28 U.S.C. § 2244(d)(1) was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (for convictions that became final prior to AEDPA's enactment, federal habeas petitions must be filed one year from AEDPA's effective date, by April 24, 1997).

It noted that a petitioner is entitled to statutory tolling only during the time period there is a "properly filed" application for post-conviction relief pending in state court. *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (limitations period is tolled during "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies."). Mr. Kelly presented the court with no details and "no evidence to establish that he filed a tolling-type motion that remained pending after April 24, 1996." Dist. Ct. Order, at *5. The district court reviewed the state court docket and concluded that Mr. Kelly had not filed any post-conviction motion during the limitations period.

The district court also examined Mr. Kelly's case for equitable tolling, which is available only in "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). A petitioner carries the burden to show that equitable tolling is appropriate because (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "[F]ailure to timely file [must be] caused by extraordinary circumstances beyond his control," *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003), and "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). Mr. Kelly presented no facts to the district court to explain why he would have been prevented from filing a federal habeas petition within the one-year limitations period or to show that he had diligently pursued his claims during that time—

or even "during the decade immediately following expiration of the limitations period." Dist. Ct. Order, at *6. He relied instead on "vague claims of delay by the state courts in deciding a motion that is inadequately described." *Id.* The district court therefore concluded that Mr. Kelly was not entitled to equitable tolling.

Having concluded that Mr. Kelly's habeas petition was untimely and that neither statutory nor equitable tolling was warranted, the district court denied habeas relief. The court denied Mr. Kelly's request for a certificate of appealability. It also concluded that Mr. Kelly had failed to present a reasoned, good faith, nonfrivolous argument on the law and facts to support his appeal. [Second Dist. Ct. Order, at 2 (Aug. 14, 2013).] Thus, the district court certified that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal of its order would not be taken in good faith and *ifp* status therefore should be denied on appeal. Mr. Kelly nevertheless requested leave to proceed *ifp* on appeal.

## II. **DISCUSSION**

Mr. Kelly may not appeal the district court's decision without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, Mr. Kelly must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's decision rested on procedural grounds, Mr. Kelly must "demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark*, 468 F.3d at 713 (emphasis added)

-6-

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

On appeal, Mr. Kelly dedicates much of his brief to discussing the events leading to the two charges for which he pled guilty in 1991. As to the untimeliness of his federal habeas petition, Mr. Kelly repeats the arguments he made in district court. In addition, he seems to argue that his early state court filings should be considered pending because they were wrongly decided and because the state court violated his due process rights by failing to articulate adequate findings of fact and conclusions of law in its order. He presents several other arguments that are difficult to follow and consist primarily of statements of legal rules with no supporting facts or arguments.

We do not find merit in any of these arguments. After reviewing Mr. Kelly's brief and the record provided, we agree with the district court that his habeas petition is untimely and that tolling is not warranted. We also agree that Mr. Kelly has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Finally, we agree with the district court that Mr. Kelly has not presented a reasoned, nonfrivolous argument for appeal of this ruling.

## III. **CONCLUSION**

We deny Mr. Kelly's application for COA and his *ifp* motion, and we dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge